IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN D. MARGEY, Executrix of the Estate of JAMES MARGEY, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>MEDTRONIC, INC, MEDTRONIC INTERNATIONAL TECHNOLOGY, INC. (f.k.a. Medtronic Puerto Rico, Inc.), MEDTRONIC PUERTO RICO OPERATIONS CO.,<br><br>Defendants. | Civil Action<br><br>No. _____ |

## **NOTICE OF REMOVAL**

Defendants Medtronic, Inc., Medtronic International Technology, Inc. (f/k/a Medtronic Puerto Rico, Inc.), and Medtronic Puerto Rico Operations Co. (collectively, "Medtronic" or the "Medtronic Defendants"), by and through their undersigned counsel, hereby provide notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania. The grounds for removal are as follows:

1. Plaintiff commenced this action by filing a Civil Action Complaint (the "Complaint") on August 27, 2009 in the Court of Common Pleas of Allegheny County, Pennsylvania, and the case was docketed at G.D. 09-014911.

2. As of the filing of this Notice of Removal, none of the Medtronic Defendants has been served with the Complaint and summons. A true and correct copy of the Complaint is attached hereto as Exhibit A. No other pleadings or papers have been filed in this litigation.

3. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of the service upon Medtronic of the Complaint and summons. Because the Complaint herein was filed on August 27, 2009 and because Medtronic has not yet been served, this removal is timely.

4. The time for Medtronic to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

5. Concurrent with the filing of this Notice, Medtronic is serving this Notice on Plaintiff's counsel and filing a copy of the Notice with the Clerk of the Court of Common Pleas of Allegheny County, Pennsylvania. Venue is proper in this Court pursuant to 28 U.S.C. §§ 118(c) and 1441(a), because the United States District Court for the Western District of Pennsylvania is the federal judicial district embracing the Court of Common Pleas of Allegheny County, Pennsylvania where this action was originally filed.

6. By filing a Notice of Removal in this matter, the Medtronic Defendants do not waive the right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and the Medtronic Defendants specifically reserve the right to assert any defenses and/or objections to which they may be entitled.

**DIVERSITY OF CITIZENSHIP**

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the amount in controversy exceeds $ 75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002).

8. Complete diversity exists between the parties to this action. As alleged in the Complaint, Medtronic, Inc. is a Minnesota corporation with its principal place of business at 710

Medtronic Parkway, Minneapolis, Minnesota, and thus is a citizen of Minnesota.  Compl. ¶ 7; *see also Branson v. Medtronic, Inc.*, No. 5:06-cv-332-Oc-10GRJ, 2007 WL 170094 at * 4 (M.D. Fla. Jan. 18, 2007) (denying plaintiff's motion to remand following removal by Medtronic, Inc. on the ground that Medtronic, Inc.'s principal place of business is in Minnesota).

9. The Complaint alleges that Medtronic International Technology, Inc. is a Minnesota corporation with its principal place of business in Puerto Rico[1] (Compl. ¶ 8) and that Medtronic Puerto Rico Operations Co. is a Cayman Islands corporation with its principal place of business in Puerto Rico (*id.* at ¶ 9).

10. Plaintiff filed the instant action on behalf of the Estate of decedent James Margey ("Mr. Margey") under Pennsylvania Wrongful Death and Survival Statutes. *Id.* at ¶ 1.  Pursuant to 28 U.S.C. 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."  The Complaint alleges that Mr. Margey "formerly resided at 933 Abbott Street, Latrobe, Westmoreland County, PA 15650."  *Id.* at ¶ 6. Mr. Margey's implantation took place at UPMC Presbyterian in Pittsburgh, Pennsylvania.  On information and belief, Mr. Margey was a citizen of Pennsylvania.[2]

11. Because Plaintiff's decedent was a citizen of Pennsylvania and none of the Medtronic Defendants is a citizen of Pennsylvania, complete diversity exists in this action.

**AMOUNT IN CONTROVERSY**

12. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.  "A

---

[1] In fact, Medtronic International Technology, Inc. is a Minnesota corporation with its principal place of business in Minnesota (not Puerto Rico).  In any event, Medtronic International Technology, Inc. is plainly diverse from Plaintiffs.

[2] Upon information and belief, Plaintiff Susan D. Margey is a resident of Latrobe, Pennsylvania and is likewise a citizen of Pennsylvania.

district court's determination as to the amount in controversy must be based on the 'plaintiff's complaint at the time the petition for removal was filed.'" *Werwinski*, 286 F.3d at 666 (quoting *Steel Valley Auth. v. Union Switch Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). "The Court must measure the amount 'not ... by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" *Werwinski*, 286 F.3d at 666 (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d. Cir. 1993)) (ellipsis in original).

13.  Here, the allegations in Plaintiff's Complaint demonstrate that the amount in controversy is greater than $75,000, exclusive of interest and costs. Plaintiff alleges that Medtronic's product – a defibrillator lead implanted into Mr. Margey's heart – was defective and as a result, "Plaintiff has sustained and will continue to sustain severe physical injuries and/or death, severe emotional distress, mental anguish, economic losses and other damages for which they [sic] are entitled to compensatory and equitable damages and declaratory relief[.]" Compl. ¶ 122; *see also id.* at ¶¶ 131, 138, 144, 149, 156, 160, 173, 182, 188, 195, 199. In addition, Plaintiff alleges that "Defendants have been unjustly enriched at the expense of the Plaintiff, who is entitled to in equity, and hereby seeks, the disgorgement and restitution of Defendants' wrongful profits, revenues and benefits[.]" *Id.* at ¶ 214. Plaintiff also seeks statutory damages under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1-201-9.3. Compl. ¶ 195.

14.  Plaintiff's allegations of injury are similar to others that have been found to satisfy the amount-in-controversy requirement. For example, in *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 888 (5th Cir. 2000), the Fifth Circuit found that alleged damages in a slip and fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and

disfigurement" satisfied the jurisdictional amount. *See also*, *e.g.*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (alleged damage to property, travel expenses, emergency ambulance trip, 6-day hospitalization, pain and suffering, humiliation, and an inability to do housework satisfied the jurisdictional amount); *Nyugen v. Titus*, NO. 07-CV-758, 2007 U.S. Dist. LEXIS 63731 (E.D. Pa. Aug. 29, 2007) (holding alleged physical injury, property damage, lost compensation, and pain and suffering resulting from car accident satisfied jurisdictional amount and denying motion to remand).

15. Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable by Medtronic.

WHEREFORE, Notice is given that this action is removed from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania.

DATED: September 24, 2009         Respectfully submitted,

By: *s/John P. Lavelle, Jr.*
John P. Lavelle, Jr., PA I.D. No. 54279
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-4824
(215) 963-5001 (Facsimile)
jlavelle@morganlewis.com

*Attorneys for Defendants*
MEDTRONIC, INC., MEDTRONIC
INTERNATIONAL TECHNOLOGY, INC. f/k/a
MEDTRONIC PUERTO RICO, INC.,
and MEDTRONIC PUERTO RICO
OPERATIONS CO.

## CERTIFICATE OF SERVICE

I, John P. Lavelle, Jr., hereby certify that on September 24, 2009, a true and correct copy of the foregoing Notice of Removal was served by United States First Class Mail, postage paid, upon:

>Howard M. Louik, Esquire
>Goldberg, Perksy & White, P.C.
>1030 Fifth Avenue, 3rd Floor
>Pittsburgh, PA  15219
>
>Attorney for Plaintiff

Dated:  September 24, 2009          *s/John P. Lavelle, Jr.*
                                    John P. Lavelle, Jr.